IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KERMIT CLAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:25-cv-03348-MDH** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 7). Plaintiff has filed his suggestions in opposition, and thus the motion is ripe for adjudication. For reasons herein, Defendant's Motion is **GRANTED**.

## BACKGROUND

On December 3, 2025, Plaintiff filed a complaint alleging "negligence leading to injury" regarding a work-related injury Plaintiff sustained on July 19, 2024, while incarcerated. (Doc. 4). Plaintiff's Complaint alleges that Plaintiff fell from a faulty ladder while performing required work for the U.S. Medical Center for Federal Prisoners ("Prison") in Springfield, MO. Plaintiff sustained serious injury to his left wrist consisting of multiple broken bones. The Prison administered x-rays and then transported Plaintiff to the emergency room. Plaintiff was admitted and received corrective surgery the following morning. Inspection of the ladder by Prison personnel showed a large crack in its stabilizing leg, and the Prison's general foreman ordered the ladder destroyed.

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007).

The applicable decisional standard when determining a Rule 12(b)(1) motion depends upon whether the movant makes a "facial" or a "factual" challenge to subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial challenge, the movant argues that the allegations in the complaint are not sufficient to establish subject matter jurisdiction. *Id.* Defendant asserts a facial challenge in this motion, and the Court will therefore afford Plaintiff the same protections he would be entitled to receive under Rule 12(b)(6). *Id.*

## ANALYSIS

Defendant argues Plaintiff's claim falls under the Federal Tort Claims Act ("FCTA") and is therefore barred by the Inmate Accident Compensation Act ("IACA") (28 U.S.C. section 2146) as held in *United States v. Demko*, 385 U.S. 149 (1966).

### I. <u>FTCA</u>

The United States enjoys immunity from civil lawsuits except where it has waived that immunity specifically and unequivocally. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

"Sovereign immunity is jurisdictional in nature," and "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). After reviewing in a light most favorable to Plaintiff, he appears to be seeking to assert a state law tort claim against the United States. While such complaints generally can be brought only pursuant to the Federal Tort Claims Act, 28 U.S.C. sections 1346, 2671 et seq., *see Rollo-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020) ("The FTCA is a limited waiver of the United States' sovereign immunity. It permits persons injured by federal employees to sue the United States for tort claims in federal district court."), prisoners cannot bring claims relating to workplace injuries under the FTCA. Instead, the exclusive remedy for such claims is embodied in 18 U.S.C. section 4126. *E.g.*, *U.S. v. Demko*, 385 U.S. 149, 152–54 (1966); *Aston v. U.S.*, 625 F.2d 1210, 1211 (5th Cir. 1980) ("[Section] 4126 is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job."). 28 C.F.R. Part 301 lays out the procedure inmates must follow to file claims under the IACA. *Demko*, 385 U.S. at 152 n. 6.

Plaintiff, in his reply, asserts that he has filed a claim with the Inmate Accident Compensation Committee "pursuant to 28 C.F.R. 301.105."[1] Indeed, the law is clear that doing so is his only available remedy. His pursuit of that remedy, however, does not allow him to also pursue a claim under the FTCA. For this reason, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.

## CONCLUSION

[1] This regulation deals with the investigation and report of an injury immediately after it occurs, not the procedure for an inmate filing a claim, which is found at 28 C.F.R. § 301.303.

For the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED**. The Court hereby dismisses the case without prejudice.

**IT IS SO ORDERED**.
DATED: October 6, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**